**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2110
_____

PATRICIA KARAFFA,
                                        Appellant
v.

TOWNSHIP OF MONTGOMERY;
ANN SHADE, IN HER INDIVIDUAL CAPACITY;
JO MARIE PEARSON, IN HER INDIVIDUAL CAPACITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.:  12-cv-01184)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted under Third Circuit LAR 34.1(a)
March 3. 2014

(Opinion filed: March 19, 2014)

Before:  RENDELL, SMITH and HARDIMAN, Circuit Judges

_____

O P I N I O N
_____

**RENDELL**, Circuit Judge:

Plaintiff-Appellant Patricia Karaffa sued her former employer and two former

supervisors for multiple violations of the Family and Medical Leave Act ("FMLA"), 29

U.S.C. § 2601 et seq.  The District Court for the Eastern District of Pennsylvania granted

defendants' motion for summary judgment on all counts. Karaffa appeals certain aspects of that decision, and we will affirm.

## I.  Background[1]

Karaffa was formerly employed as a police dispatcher by Montgomery Township. On February 1, 2011, she took approved FMLA leave for the birth of her daughter and maternity care. Just prior to her return to work in April 2011, Karaffa was informed that she was assigned to work only overnight dispatching shifts. When Karaffa informed the Police Chief and Deputy Chief that she desired a different schedule, the Township altered her assignment to evening shifts with two weekends of overnight shifts per month. Karaffa returned to work soon thereafter pursuant to this schedule.

On May 17, 2011, however, she was injured in a car accident and sought to take leave for her recovery. Defendant Anne Shade, Director of Human Resources for the Township, informed Karaffa that her FMLA leave had been fully exhausted in her maternity care, but that her new leave would be covered instead under her short-term disability policy.

Karaffa returned to work on August 4, 2011, and was assigned by her supervisor, Defendant Jo Marie Pearson, to tasks such as organizing documents and shredding paper, rather than her previous dispatcher duties.[2] Karaffa claimed that throughout this time she faced a pattern of "ostracism and antagonism," which included being moved away from

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] The parties dispute whether such duties were imposed by defendants in response to the physical limitations described by Karaffa's doctor. For reasons set forth below, however, this is not a dispute of material fact and did not preclude entry of summary judgment.

the other dispatchers, having her mail bin lowered below other junior employees, and allowing her dispatcher's certification to expire. (App. Br. at 34.) After working for approximately one week, on August 11, 2011 Karaffa was informed that she did not need to report to work until she had undergone an independent medical evaluation as part of her short-term disability coverage. Karaffa never returned to work after that date. (Supp. App. 243a.) In early September 2011 Karaffa submitted a complaint to the Township alleging harassment and retaliation for her taking FMLA leave. She formally resigned on September 7, 2011, purportedly as a result of the "ostracism and harassment she had experienced." (App. A4.)

Karaffa then filed suit in March 2012, alleging that defendants had unlawfully (1) interfered with her FMLA rights, (2) retaliated against her for taking FMLA leave and (3) constructively discharged her in violation of the FMLA. She later also raised a claim that defendants had unlawfully retaliated against her for filing a complaint under the FMLA. The District Court granted summary judgment to defendants on all counts. Karaffa now appeals only the District Court's rulings with regard to her retaliation claims. Our standard of review is plenary, and we use the same standard as the District Court in a motion for summary judgment, determining whether there are genuine issues of material fact and whether judgment is warranted as a matter of law. *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 211 (3d Cir. 2009).

## II. Discussion

A. Retaliation for Taking FMLA Leave

3

To make out a prima facie case of FMLA retaliation under 29 U.S.C. § 2615(a)(2) Karaffa is required to establish that: (1) she was protected under the FMLA, (2) she suffered an adverse employment action, and (3) the adverse action was causally related to the exercise of her FMLA rights. *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 508 (3d Cir. 2009). Karaffa first claims that defendants retaliated against her for taking FMLA-covered leave.

The District Court correctly noted that Karaffa had not suffered an adverse employment action when she returned from her FMLA-covered maternity leave in April 2011, given that her position and schedule were equivalent to those she enjoyed when she first took leave. Next, the Court held that there was no causal link between any later alleged adverse employment actions and that FMLA leave. Importantly, because Karaffa fully exhausted her 12 weeks of FMLA leave for her maternity care, her recovery from the subsequent car accident was not covered under the FMLA. Karaffa thus claimed that the adverse employment actions suffered after her return from leave following the car accident, such as assignments of filing and shredding, were in retaliation for her taking of maternity leave approximately three and half months earlier. The District Court properly concluded that such temporal proximity did not raise an inference of causation. *See, e.g., Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003).

Karaffa urges that the District Court failed to address other evidence of causation, such as a pattern of "antagonism and ostracism" following her FMLA leave. (App. Br. at 34.) The examples of such "mistreatment" cited fail to support a claim of causation. (*Id.*) For instance, it does not seem reasonable that Karaffa's overnight work schedule

4

following her FMLA leave, which was changed when she requested different shifts, could constitute "antagonism and ostracism." Many of the other harms cited, such as relocation away from the other dispatchers and the lowering of her mail bin, occurred only after Karaffa returned from the non-FMLA leave following the car accident, again some three and a half months after the end of her FMLA-covered maternity leave.[3] In sum, the "mistreatment" cited by Karaffa fails to establish a causal relationship between the exercise of her FMLA rights and alleged adverse employment actions. As such, the District Court properly found that Karaffa failed to establish a prima facie case of retaliation for taking FMLA leave.

B. Retaliation for Complaint

Karaffa also argues that she was retaliated against for making a complaint about an FMLA violation, pursuant to 29 U.S.C. § 2615(b). To state a prima facie case for such a claim, Karaffa must produce evidence to show that her complaint of an FMLA violation caused adverse employment actions against her. *See Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004).

By its literal terms, 29 U.S.C. § 2615(b) makes unlawful retaliation against employees for participating in, *inter alia*, a formal "inquiry" or "proceeding" under the FMLA. As the District Court held, Karaffa's first formal complaint concerning FMLA violations was lodged in early September 2011, well after her last day working for the

---

[3] Karaffa also claims that defendants were aware she could physically perform the duties of a dispatcher when she returned from non-FMLA leave in August 2011, and that they offered no explanation for her new assignment. Even if correct, such arguments fail to raise any inference that the alleged adverse employment actions were taken against her because of FMLA leave taken three and half months earlier.

Township.  The District Court concluded that "obviously [Karaffa] cannot establish Defendants retaliated against her for lodging her complaint when she made her complaint *after* the alleged retaliatory acts." (App. A14.)  We agree.

On appeal, Karaffa contends that she informally complained about violations of her FMLA rights prior to her last day on the job.  We have not decided whether an informal complaint concerning an FMLA violation constitutes protected action under the statute.  *See* Third Circuit Model Jury Instructions (Civil) 10.1.4 commentary.  While acknowledging this, Karaffa oddly makes no argument as to whether informal complaints in fact fall within the scope of the FMLA's protection.  In any event, we conclude that this case does not present an occasion to decide the question.  That is because none of Karaffa's cited "complaints" made prior to her leaving work actually challenged unlawful action under the FMLA.

For instance, Karaffa states that she complained to "her supervisor [about] assigning her to shifts she expressly requested not to be assigned . . . ." (App. Br. at 52.) This seems to refer to the email Karaffa sent prior to her return from FMLA-covered maternity leave, in which she asked for "a concrete schedule so I can maintain a healthy work and home balance." (Supp. App. 469a.)  Even assuming, *arguendo*, that informal complaints of unlawful action constitute protected conduct under the FMLA, an email requesting a scheduling change does not constitute such a complaint.  *Cf. Curay-Cramer v. Ursuline Acad. of Wilmington, Delaware, Inc.*, 450 F.3d 130, 135 (3d Cir. 2006) (noting, in Title VII context, "it must be possible to discern from the context of the statement that the employee opposes an unlawful employment practice"); *Barber v. CSX*

6

*Distribution Servs.*, 68 F.3d 694, 702 (3d Cir. 1995) ("A general complaint of unfair treatment does not translate into a charge of illegal *age* discrimination."). Similarly, none of the other "complaints" vaguely referenced by Karaffa indicate in any way that she opposed certain employment actions as unlawful under the FMLA. *Cf. Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1335 (2011) (holding, in the FLSA context, that an oral "complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."). Thus, the District Court accurately found that Karaffa first complained of an FMLA violation only after she had ceased working for the Township and any retaliation claim based on such a complaint was meritless.

## II. Conclusion

Karaffa failed to establish a prima facie case as to her claims of retaliation. We therefore affirm the judgment of the District Court.